# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KAREN L. CHURCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. _____ |
| **v.** ) | |
| ) | |
| **WBRC, LLC,** ) | |
| ) | **JURY TRIAL REQUESTED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Karen L. Church, by and through her attorneys of record, and for her Complaint against Defendant, WBRC, LLC, states as follows:

## NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Karen L. Church, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving the failure to remedy systemic employment discrimination on the basis of race. The practices committed by the Defendant violate the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981").

2. In addition, the Plaintiff, Karen L. Church, has been adversely affected by the breach of contract by Defendant, WBRC, LLC.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The Defendant is located, or doing business, within this judicial district and division. This action is brought within the judicial district and division wherein the unlawful employment practices were committed, Jefferson County, Alabama, making venue proper under 28 U.S.C. § 1391(b).

**PARTIES**

5. Plaintiff, Karen L. Church ("Plaintiff" or "Ms. Church"), is an adult resident domiciled in the state of Alabama.

6. Defendant, WBRC, LLC (hereinafter "Defendant", "WBRC", or "Station") is a Delaware limited liability company, which is located, and doing business, within this judicial district and division, specifically in Birmingham, Alabama. WBRC, LLC was the employer of Plaintiff at all times relevant herein within the meaning of 42 U.S.C. § 1981.

**STATEMENT OF FACTS**

7. Ms. Church is a 67 year old Caucasian female.

8. Church began working as a weekend news anchor/reporter for Birmingham WBRC Fox 6 affiliate on December 1, 1998.

9. Over the course of Ms. Church's seventeen years of employment with Defendant, WBRC, the ownership of the local affiliate changed, but Church always broadcasted for Fox 6.

10. From 2009 through December of 2015, Defendant WBRC owned the local Fox 6 affiliate, and employed Ms. Church.

11. Ms. Church executed her final employment contract on July 30, 2013 for a term of employment for two years, beginning September 20, 2013 and ending September 19, 2015.

12. On September 15, 2015, the parties agreed to a 6-month extension of the contract for a contractual end date of March 20, 2016. Her contractual salary was $80,644 per year.

13. Beginning in 2007, Church reported to and was managed by James Finch (hereinafter "Finch"), an African-American male.

14. In 2008, Finch caused Ms. Church to anchor both morning and evening news on the weekends.

15. At intervals of three, six, and nine months, Church questioned Finch regarding a plan for removing the extra work from her. She received no response.

16. After 9 and ½ months of anchoring both morning and evening news on the weekends, Church reported to Finch that she could no longer anchor the evenings and he would need to replace her.

17. In 2009, Finch caused Church to work as a fill-in anchor Monday through Wednesday 9:00 p.m. to 10:30 p.m. for 9 and ½ months without additional compensation.

18. Church went above and beyond her duties during the 2009 snow storm and reported from the satellite truck for 36 hours straight.

19. Church sought out on her own 50-60% of her news reports.

20. Finch caused Church to go on location for street shoots and required Church to learn how to shoot and edit video - - not something normally within the job description of a news anchor.

21. Finch did not cause or require another anchor, Rhonda Robinson, an African-American female, to conduct street shoots or shoot and edit her own video.

22. In September of 2015, Defendant WBRC rated Plaintiff "Below Average" during her Staff Performance Evaluation.

23. Defendant WBRC evaluated Church below average for her "poor performance in live shots," not having gear "field ready", and needing improvement in "shooting and editing," all assignments and expectations for

Church, but not the African-American reporter/anchor, Rhonda Robinson, her comparator.

24. After her September 2015 review, Church and Finch discussed conducting daily reviews. Despite Church's follow-up regarding when the reviews could begin, Finch never conducted daily reviews with Plaintiff.

25. Finch disciplined Church on October 13, 2015 for requesting personal time off on short notice.

26. Within the disciplinary action, Finch notified Church that her soon to expire contract would not be renewed and notified her of an immediate change in her job assignment.

27. Beginning October 26, 2015, Church was removed from her weekend anchor position and placed on weekday general assignment reporting.

28. Finch never provided Church any job assessments outside her yearly evaluations.

29. On December 16, 2015, a fight erupted at City Hall between a member of the City Council and the Mayor. Church erroneously reported that a member of the Birmingham City Council had turned himself in at the Birmingham City Jail.

30. Ms. Church based her report on information from individuals at the jail. What she was told, however, was not confirmed because the deputies

present would not come to the desk to speak with Church.  Church called the station and asked to speak to Vice President and News Director, Shannon Mays (now Isbell).  Instead, she got Melody Le, the Administrative Assistant.  Church informed Le as to what she understood to be the facts, that Birmingham Councilman Marcus Lundy had turned himself in at the City Jail, but that she couldn't confirm it because the deputies would not come out to the desk.  In response, Church was told, "Well, let's just go with it.  If it's not 100%, we can always retract it."  Church realized the mistake an hour later, when a police captain at the jail told her the council member was not there.

31.   What Church was told by Le was consistent with what Church had been told on other occasions.  A producer at the station had informed Church, "I've been told by management if it's not 100% go with it anyway.  We want to be first."

32.   Finch immediately removed Church from the story and terminated her that afternoon.

33.   Defendant terminated Church three months before the expiration of her employment contract.

34.   In January 2016, within one month of terminating Church, Defendant WBRC hired Jamiese Price, an African-American female, as a fulltime reporter.

## COUNT ONE
## 42 U.S.C. § 1981 – RACE DISCRIMINATION
## DISPARATE TREATMENT

35. Ms. Church adopts and realleges the allegations of paragraphs 1-34 as if fully set forth herein.

36. Defendant required Church, a Caucasian female, to conduct street shoots, and shoot and edit her own video.

37. Defendant did not require at least one other anchor, an African-American female, to conduct street shoots, and shoot and edit her own video.

38. Defendant utilized the extra work required of Church to form a basis for discipline.

39. Defendant altered Church's job duties and title, removing her from weekend anchor duties and reassigning her to general assignment reporting.

40. Defendant failed to renew Church's employment contract.

41. Defendant wrongfully terminated Church with three months remaining on her contract, and replaced her with an African-American female.

42. In taking the above-described actions, Defendant intentionally and willfully discriminated against Plaintiff due to her race, Caucasian, in violation of § 1981. Caucasian employees and African-American employees were not treated similarly, with regard to work assignments, performance expectations, discipline, and other terms and conditions of employment.

43. Defendant's actions were in violation of § 1981 and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

44. As a proximate consequence of the violations of § 1981 by Defendant, Ms. Church has suffered and will continue to suffer damage to her professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damage.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Placement in the position in which she would have worked absent Defendant's discriminatory treatment; or, in lieu thereof, front pay;

b. All back pay from the date of her wrongful termination;

c. Injunctive relief;

d. Pre-judgment interest;

e. Attorneys' fees;

f. Costs;

g. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, embarrassment, both past and future;

h. Punitive damages, to deter such conduct in the future; and

   i. Such other legal or equitable relief as may be appropriate to effectuate the purposes of § 1981, or to which she may be entitled.

## COUNT TWO
## BREACH OF CONTRACT

45. Ms. Church adopts and realleges the allegations of paragraphs 1-34 as if fully set forth herein.

46. Church and Defendant are parties capable of entering into a contract.

47. Church was employed under an employment contract with Defendant valid through March 20, 2016 for a set compensation.

48. Defendant terminated Church on December 16, 2015, more than three months prior to the expiration of her contract.

49. Defendant terminated Church without cause in breach of the stated employment contract.

50. Defendant knowingly and intentionally breached said contract by terminating Church without cause.

51. As a direct and proximate result of Defendant's breach, Church suffered lost wages, lost interest on the wages earned, legal fees, loss to professional reputation, and has been otherwise injured and damaged.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Placement in the position in which she would have worked absent Defendant's breach; or, in lieu thereof, full contract payment; and

b. Such other legal or equitable relief as may be appropriate or to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

/s/ John D. Saxon
John D. Saxon
Alabama Bar No. ASB-3258-O71J
Attorney for Plaintiff

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Telephone:  205.324.0223
Facsimile:  205.323-1583
E-mail:  jsaxon@saxonattorneys.com

**PLAINTIFF'S ADDRESS**

Karen L. Church
c/o John D. Saxon, P.C.
2119 3rd Avenue North
Birmingham, Alabama 35203

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED:**

**WBRC, LLC**
c/o CT Corporation System, its registered agent
2 North Jackson St., Suite 605
Montgomery, AL 36104